IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

THOMAS POWERS )
PLAINTIFF )
VS. )                    CASE NO   New Complaint
)
DEFENDANTS )

---

PURSUANT TO

42 U.S.C. 1983

## JURISDICTION:

1.  THE JURISDICTION OF THIS COURT IS INVOKED PURSUANT TO THE CIVIL RIGHTS ACT, 42 U.S.C. 1983 et. seq. THE JUDICIAL CODE, 28 U.S.C 1331 AND 1343 (a), AND SUPPLEMENTARY JURISDICTION PURSUANT TO 1367 (a), AND A REQUEST FOR INJUNCTIVE RELIEF PURSUANT TO OFFICIAL CAPACITY CLAIMS UNDER RLUIPA FED.R.CIV.P. RULE 65.

## VENUE:

2.  PURSUANT TO 28 U.S.C. SECTION 1391 (a)(1) AND 29 U.S.C. SECTION 1132 (e)(2), VENUE IS PROPER IN THE CENTRAL DISTRICT OF ILLINOIS, AS THIS IS WHERE THE CONSTITUTIONAL BREACH OCCURRED.

## PARTIES:

3.  THE PLAINTIFF  THOMAS J. POWERS  ,WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT A CITIZEN OF THE UNITED STATES OF AMERICA, AND AS SUCH IS GUARENTEED ALL THE RIGHTS, PRIVELEGES, IMMUNITIES, AND SAFEGARDS OF THE CONSTITUTION AND IS ENTITLED TO ITS PROTECTIONS. PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES.

4. DEFENDANT ASHLEY McCOY IS THE FOOD SERVICE DIRECTOR OF ARAMARK FOOD SERVICES AND WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT A CONTRACTUAL EMPLOYEE OF THE STATE OF ILLINOIS WHILE ACTING IN THE COURSE AND SCOPE OF HIS DUTIES WHILE ACTING UNDER THE COLOR OF STATE LAW AND ENGAGING IN THE CONDUCT COMPLAINED OF HEREIN. THE DEFENDANT WAS AND IS PERSONALLY RESPONSIBLE FOR THE CONDUCT COMPLAINED HEREIN AND IS SUED IN BOTH HER INDIVIDUAL AND OFFICIAL CAPACITY FOR THE PURPOSES OF INJUNCTIVE RELIEF.

5. DEFENDANT "THE DIETIAN" WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT A CONTRACTUAL EMPLOYEE OF THE STATE OF ILLINOIS WHILW ACTING IN THE COURSE AND SCOPE OF HER DUTIES WHILE ACTING UNDER THE COLOR OF STATE LAW AND ENGAGING OF THE CONDUCT COMPLAINED OF HEREIN. THIS DEFENDANT WAS AND IS PERSONALLY AND DIRECTLY INVOLVED AND IS SUED IN HER INDIVIDUAL CAPACITY.

6. DEFENDANT ERIC KUNKEL WAS AND AT ALL TIMES RELEVANT TO THIS COMPLAINED AN EMPLOYEE OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE OF HER DUTIES WHILE ACTING UNDER THE COLOR OF STATE LAW AND ENGAGING IN THE CONDUCT COMPLAINED OF HEREIN. THIS DEFENDANT WAS AND IS PERSONALLY AND DIRECTLY INVOLVED AND IS SUED IN HIS INDIVIDUAL CAPACITY.

7. DEFENDANT ARAMARK CORP. IS AT ALL TIMES RELEVANT TO THIS COMPLAINT A CONTRACTUAL EMPLOYEE OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE UNDER THE "COLOR OF LAW" AND ENGAGING IN THE CONDUCT COMPLAINED.

FACTS:

8. PLAINTIFF IS A KASHRUT OBSERVANT MESSIANIC WHO IS REQUIRED TO FOLLOW THE LAWS REGARDING HOW TO KEEP A HOLY DIET, AS WELL AS THE OBSERVANCE OF THE FESTIVAL OF THE HOLY SABBATH AS SET FORTH IN THE HOLY BIBLE IN THE BOOKS IN LEVITICUS, EXODUS AND DUETERONOMY.

9. ONE OF THE THE TWO MAIN COMMANDMENTS OF THE MESSIANIC RELIGION IS THE REQUIREMENT TO FOLLOW AND KEEP A KASHRUT DIET WHICH IS A SIGNIFICANT PART OF THE MESSIANIC RELIGION BECAUSE IT MEANS THAT EVERY PIECE OF FOOD THAT A MESSIANIC CONSUMES IS BLESSED AND APART OF HIS WORSHIP OF GOD, and by failing to properly observe the laws that Yahuah has laid down for the plaintiff is the same as any individual who violated or broke the law of any country or Nation. HE WOULD BE BREAKING THE LAWS OF GOD HIMSELF AND THE SPIRTIUAL BOND BETWEEN HIMSELF AND THE KING OF ISRAEL, THE GOD OF ABRAHAM, ISSACC AND JACOB THERBY CAUSING A SEPARATION, A SENSE OF SADNESS AND SPIRITUAL DEPRESSION BECAUSE THE PLAINTIFF IS UNABLE TO FULFILL THE LAWS OF GOD AND PLACING A TREMENDOUS AND SUBSTANIAL BURDEN ON THE EXERCISE OF THE PLAINTIFF'S RELIGION.

10. THE DEFENDANTS HAVE FAILED TO ENSURE THAT THE FOOD SERVED TO THE PLAINTIFF IS EITHER KOSHER OR SANITARY IN VIOLATION OF THE FOURTEENTH AMENDMENT OF DUE PROCESS CLAUSE CLAUSE.

11. THE DEFEDANTS HAVE CONTINUED TO RETALIATE AGAINST THE PLAINTIFF BY DENYING THE PLAINTIFF THE POSITION AS KOSHER PREP COOK IN RETALIATION FOR THE FILING OF THE MATTER OF POWERS VS ARAMARK CORP. et al. Case No. 16-4244 USDC-CD, AND POWERS VS DREDGE 17-4018 USDC-CD

12. PLAINTIFF IS VERY QUALIFIED AS A FOOD HANDLER AND FORMER PRISON DIETARY WORKER. PLAINTIFF HAS BEEN IN THE POSITION OF KOSHER PREP COOK AND KNOWS KASHRUT PREPARATION BUT YET THE PLAINTIFF HAS SUBMITTED WEEKLY SINCE JANUARY OF 2017 TO PRESENT AND HAS BEEN INFORMED BY A. McCOY "YOU WILL NEVER GET BACK INTO DIETARY."

-3-

13. PLAINTIFF STARTED IN THE FOOD INDUSTRY AS A KID WITH HIS FATHER WHO OWNED A TAVERN IN BERWYN ILLINOIS AND UNCLE HAD A TAVERN TWO BLOCKS FROM THE PLAINTIFF'S CHILD HOME. BOTH TAVERN SERVED FOOD AND WERE VERY POPULAR.

14. AT THE AGE OF 14 PLAINTIFF STARTED AT A LOCAL PIZZA PARLOR AND WITHIN TWO YEARS WAS LEFT NUMEROUS TIMES RUNNING THE PIZZA PLACE TAKING AND PREPARING ORDERS INSURING THE DELIVERIES ALL GOT OUT AND MADE THE SAUCES AND WHATEVER NEEDED TO BE DONE TO EFFECTIVELY GET THE PRODUCT OUT WITH CUSTOMER SATISIFICATION.

15. PLAINTIFF STARTED HIS OWN LOCATING COMPANY TO FIND LOCATIONS FOR AMUSEMENT GAMES AND VENDING MACHINES MANY OF THEM IN FOOD ESTABLISHMENTS. PLAINTIFF WENT ON AND PARTNERED IN A PIZZA PARLOR/TAKE OUT IN 1991.

16. FROM 2001 PLAINTIFF WORKED DIETARY IN CENTRALIA, DIXON, PINCKEYVILLE, GALESBURG AND ILLINOIS RIVER BAKERY AND DIETARY AND MANY INCIDENTS WAS LEAD COOK WHICH ENSURED THE MAIN MEAL WAS SERVED. BUT YET THE PLAINTIFF IS DENIED TO WORK THIS DIETARY IN THE TREATMENT AND DETENTION FACILITY.

17. REHABILIATION IS THE CORNERSTONE FOR CIVIL DETENTION AND WITH THAT IN MIND AND PLAINTIFF'S QUEST TO GET THROUGH THIS PROGRAM AND ENTER THE WORK WORLD THE ONLY JOBS THAT MAY BE AVAILABLE FOR THE PLAINTIFF WOULD BE IN THE FOOD INDUSTRY. PLAINTIFF WANTS TO KEEP HIS CULINARY SKILLS SHARP.

THE DEFENDANTS DENYING THE PLAINTIFF REHABILATION IN THE DIETARY BECAUSE THE PLAINTIFF IS A LITIGATOR AND THE PAST MATTER OF POWERS VS ARAMARK etal. CASE NO. 16 4244 USDC-CD/POWERS VS DREDGE CASE NO. 17-4244.

18. THE DEFENDANTS ARE FAILING TO ENSURE THAT THE FOOD PREPARATION AND FOOD SERVED TO THE PLAINTIFF IS NEITHER KOSHER OR SANITARY IN RETALIATION IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE AGAINST THE PLAINTIFF FOR THE ADDITIONAL EXPENSE OF THE PLAINTIFF'S KOSHER MEALS.

19. THE DEFENDANTS ERIC KUNKEL AND A. McCOY ARE PUTTING NON KOSHER RESIDENTS WHO HAVE A LONG LIST OF BEHAVIOR PROBLEMS WHO HAVE SEXUALLY ACTED OUT IN THE DIETARY WHO HAVE BEEN CAUGHT STEALING NUMEROUS TIMES AND WHO PRACTICE AND WORSHIP "SATAN" WHICH CAUSES CROSS CONTAMINATION OF THE PLAINTIFF'S MEALS. THE VIOLATIONS OF THE SEPARATIONS OF MEAT AND DAIRY ARE CONSISTENTLY BEING DENIED WHICH IS ONE OF THE CENTAL TENETS OF THE KOSHER MEAL. THE KOSHER ROOM IS A SACRED PLACE IT IS LIKE LETTING "SATAN" HIMSELF RUN WILD IN THE "HOUSE OF GOD".

20. THE NECESSARY STEPS TO PREVENT CONTAMINATION DURING PRE AND POST PREPARATION/DELIVERY ARE NOT BEING FOLLOWED.

21. PLAINTIFF IS NOT RECEIVING THE DESIGNATED FOOD ITEMS LISTED ON THE KOSHER MENU. REQUIRED DESIGNATED FOOD ITEMS ARE BEING TAKEN AWAY BY THE DEFENDANTS McCOY AND ARAMARK WITHOUT SUITABLE REPLACEMENTS BEING PROVIDED TO MEET THE REQUIREMENTS OF NUTRITIONAL ADEQUACY AS SET FORTH.

22. PLAINTIFF IS FORCED TO EAT MEALS THAT ARE PREPARED ON THE HOLY SABATH IN STRICT VIOLATION OF THE MAIN PILLAR AND MOST CENTRAL TENET OF THE PLAINTIFF'S RELIGION OR ELECT TO GO HUNGRY. THE DEFENDANTS REFUSE TO PROVIDE REASONABLE ATERNATIVES.

23. THE FOOD THAT THE PLAINTIFF IS PRESENTLY BEING SERVED DOES NOT MEET THE MINIMAL STANDARS OF SAFTEY AND CONTAIN CONTAMINANTS OF HAIR AND UNKNOWN SUBSTANCES WHICH COULD BE URINE FECES KNOWING THAT SATAN IS LOOSE IN THE KOSHER ROOM, HAND SELECTED BY THE DEFENDANTS WITH COMMUNICABLE DISEASES WHICH PRESENTS AN IMMEDIATE THREAT TO THE PLAINTIFF'S PERSONAL SAFTEY.

24. PLAINTIFF HAS BEEN AND CONTINOUSLY BECOMES PHYSICALLY ILL FROM FOOD SERVED AS KOSHER AND ALONG WITH NOT RECEIVING ADEQUATE NUTRITION FROM THESE MEALS THAT I AM BOTH LEGALLY ENTITLED TO AND REQUIRED TO BE PROVIDED WHICH FORCED TO STOP EATING ALL UNSEALED AND SOY/MECHANICAL SEPARATED MEALS.

25. THE DEFENDANTS HAVE FAILED TO ENSURE THAT THE FOOD PREPARATION AND FOOD SERVED TO THE PLAINTIFF IS SANITARY IN VIOLATION OF THE FOUR- TEENTH AMENDMENT DUE PROCESS CLAUSE AND HAS INTENTIONALLY SELECTED INDIVIDUALS THAT WERE PREVIOUSLY FIRED FOR ENGAGING IN ANAL SEX IN THE KITCHEN HAVE OPENLY DECLARED THEMSELVES TO BE SATAN WORSHIPPERS AND KNOWINGLY HAVE TESTED FRO HEPATITIS AND H.I.V. TO PREPARE THE KOSHER DIETS.

26. PLAINTIFF HAS DILIGENTLY SOUGHT TO ADDRESS THESE MATTERS. THESE MATTERS HAVE BEEN PENDING SINCE THE CONTRACT RENEWEL BETWEEN ARAMARK AND THE "TDF" SIGNED BY DEFENDANT KUNKEL SINCE THE CONTRACT IN 2015.

27. THESE DEFENDANTS HAVE BEEN AWARE THAT MY RELIGION AND THAT I AM A SABBATH OBSERVANT FROM THE FIRST DAY I LANDED AT THE "TDF". THE "SABBATH" RUNS FROM FRIDAY SUNDOWN TO SATURDAY SUNDOWN. KUNKEL IS DIRECTLY RESPONS- IBLE FOR DENIAL OF SABBATH OBSERVANT YET ARAMARK IS AWARE OF IT IS NOT PROPER TO DENY SABBATH OBSERVANCE.

28. THERE ARE NUMEROUS SCRIPTURES THAT DISCUSS SABBATH OBSERVANCE AND I HAVE PERSONALLY MADE AWARE OF THEM TO THE DEFENDNATS

29. PLAINTIFF CONTINUES TO ADDRESS THESE MATTERS WITH DEFENDANTS McCOY AND E.KUNKEL OF SABBATH OBSERVANCE AND KOSHER MEALS.PLAINTIFF HAS BROUGHT THESE MATTERS AND CONCERNS  BOTH IN WRITING AS WELL AS FACE TO FACE.

30. PLAINTIFF  IS VERY QUALIFIED TO WORK THE KOSHER ROOM AND SHOULD NOT BE DENIED  BECAUSE OF PAST OR PRESENT LITIGATION.

31. PLAINTIFF HAS PREVIOUSLY SETTLED IN DECEMBER OF 2018 BOTH POWERS VS. ARAMARK CASE NO. 16-4244 AND POWERS VS DREDGE CASE NO 17-4018. YET THESE DEFENDANTS WHO HAVE REPLACED OLD DEFENDANTS CONTINUE TO DENY SABBATH OBSERVANCE AND KOSHER MEALS UNDER THE "FIT AND PROPER" STANDARD.

32. ON JUNE 13,2019 IT WAS ASHLEY McCOY THROUGH DEFENDANT KUNKEL THAT STATED "NO KOSHER PREP COOK/NO DIETARY WORKER/NO CHANGE IN KOSHER MENU MEALS AND NO SABBATH OBSERVANCE FOR MEALS.

"COUNT ONE"
DEFENDANTS ASHLEY McCOY/ERIC KUNKEL/JOHN OR JANE DOE ARAMARK DIETIAN AND ARAMARK CORP. REFUSE TO ALLOW THE PLAINTIFF TO OBSERVE HIS CENTRAL TENETS OF HIS RELIGION TO ADHERE TO A "KOSHER HOLY DIET" AND SABBATH OBSERVANCE IN VIOLATION OF THE PLAINTIFF'S FIRST AMENDMENT AND THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT "HEREAFTER "RLUIPA").

PLAINTIFF REALLEGES AND INCORPORATES PARAGRAPHS ONE THROUGH THIRTY-TWO.

33.  AT ALL TIMES RELEVANT  THE PLAINTIFF HAS MADE THE DEFENDANTS WHERE PLAINTIFF IS NOT RECEIVING A KOSHER "HOLY DIET AND/OR BEING SABBATH OB- SERVED AND THAT THESE ARE CENTRAL TENETS OF HIS RELIGION.

WHEREFORE THE DEFENDANTS HAVE VIOLATED AND CONTINUE TO VIOLATE THE PLAINTIFF'S FIRST AMENDMENT AND RIGHTS UNDER "RLUIPA".

RELIEF

WHEREFORE THE PLAINTIFF CLAIMS HIS PURSUIT OF DAMAGES AGAINST THE DEFEN-
DANTS INPURPOSE FOR INJUNCTIVE RELIEF.

1. PLAINTIFF SEEKS KOSHER "HOLY DIET".
2. PLAINTIFF SEEKS SABBATH OBSERVANCE
3. PLAINTIFF DMANDS COSTS,FEES,PAST AND PRESENT AND ANY OTHER SUCH
RELIEF THAT THIS HONORABLECOURT DEEMS BOTH EQUITABLE AND JUST.

SUBSCRIBED AND SWORN TO BEFORE ME
ON THIS 5 DAY OF July, 2019.

_____
NOTARY PUBLIC

OFFICIAL SEAL
MISTY D NIEMAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/07/22

RESPECTFULLY SUBMITTED

_____
THOMAS POWERS
17019 COUNTY FARM ROAD
RUSHVILLE ILLINOIS 62681
217-322-3204



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### OFFICE OF THE CLERK

# RUSHVILLE
## SCANNING COVER SHEET

**Notice – Please read and carefully follow these instructions.**

1. Each pleading must have this cover sheet on top.
2. Each pleading must be legible. Typed, double-spaced pleadings are preferred.
3. All pages must be numbered.
4. Each pleading must be scanned separately as one complete document. A pleading may not be scanned page by page. If the pleading is more than 25 pages, then the pleading must be scanned and submitted in multiple emails with a maximum size of 25 pages. The subject line of each email should specify the range of pages included within. (For example, a 40 page pleading would be broken into 2 emails, the first with a subject line "Email 1 of 2 – Pages 1-25" and the second with a subject line of "Email 2 of 2 – Pages 26-40".)
5. Discovery requests and responses are not filed with the Court unless they are part of a motion to compel. Discovery requests and responses shall not be electronically filed per Local Rule 26.3. However, a Certificate of Service may be scanned stating you have served your discovery documents on the other parties in the case.
6. Only lines and boxes included on this form should be filled out. Do not provide any other information regarding your pleading on this Scanning Cover Sheet.

**Please complete the following (Print):**

Date: 7/5/19

Name: Powers vs McCoy et al

Case Number: New Complaint ☐ (Check here if this is a new case)

**Type of Pleading (Check only one):**

☐ Motion / Petition
☐ Response / Reply
☐ Other (Specify) _____42 USC Civil Complaint_____
                              with Informis Pauperis and
Title of Pleading: _____Motion to Appoint Counsel_____
(For Example, "Motion to Compel" or "Response to Summary Judgment")

Number of Pages for this Pleading (Not Including Scanning Cover Sheet): 15 pgs